**YOUNG INDUSTRIES, INC., Appellant,**

v.

**HILDEBRAND COMPANY, Appellee.**

Court of Appeals of Kentucky.

March 16, 1973.

Wayne J. Carroll, Ewen, Mackenzie & Peden, Louisville, for appellant.

J. J. McCarthy, C. M. Leibson, Leibson, Dolt & McCarthy, P.S.C., Louisville, for appellee.

CULLEN, Commissioner.

We are affirming the judgment in the amount of $4,738.10, in favor of Hildebrand Company against Young Industries, Inc., for merchandise delivered by Hildebrand to Hobby House stores, because we think the evidence not only warranted, but required, the finding that Young Industries' course of conduct was such as to entitle Hildebrand to believe that the merchandise was purchased on the account and credit of Young Industries.

We consider the following facts. Over a period of three years, all invoices were mailed to Young Industries and all statements were addressed to Young Industries. On those billings, $70,000 was paid to Hildebrand before the default in payment occurred. Officers of Young Industries had full knowledge of the form of billing, and the accountant for Young Industries prepared and signed the checks (bearing the Hobby House name). When the offices of Young Industries were moved from Louis-

ville to Lexington, the accountant for Young Industries wrote to Hildebrand, on a Young Industries letterhead, stating that "our office" had been moved, requesting that all future correspondence and invoices be sent to "our Lexington address," and asking for understanding of any delay or inconvenience caused by "our moving." When, after the first two years, the office of Young Industries asked if Hildebrand would be willing to change the billings from Young Industries to Hobby House, and Hildebrand refused, the billings continued as before with no objection from Young Industries. The Hobby House corporation and Young Industries had the same principal stockholder and the former had its office space at the latter's headquarters. Hobby House stores were tenants in shopping centers operated by Young Industries.

■ Under the cumulated circumstances above stated, we think Young Industries clearly was subject to liability, on the basis of ratification or estoppel, for the merchandise in question which was delivered after the course of dealing had gone on for two years. Cf. Whitehurst v. FCX Fruit & Vegetable Service, Inc., 224 N.C. 628, 32 S.E.2d 34; Restatement of the Law of Agency 2d, Section 92; 3 Am.Jur. 2d, Agency, Sections 178, 179.

■ Since we are of the opinion that Young Industries was liable as a matter of law, any error that could be considered to exist in the failure of the instructions to define "apparent authority" was not prejudicial.

The evidence complained to have been improperly admitted was of a trivial nature.

No prejudice is shown to have resulted from the delay in furnishing copies of statements pursuant to the appellant's last-minute demand.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, sitting.

All concur.